HON. JAMES BARRETT,  
HON. HOMER E. ROYCE, } ASSISTANT JUDGES.  
HON. JONATHAN ROSS,

---

\* ALFRED HATCH *v.* TOWN OF FAIRFIELD.

*Soldier's Bounty. Vote. Construction.*

A vote " to raise $325 on the grand list * * * for each volunteer to fill the quota of said town under the last call," &c., construed to have no reference to a deficiency under former calls.

A vote " to raise $1000, for each white volunteer, to fill the quota of said town under the call of the President of the United States on the 18th of July, 1864," construed to apply to such a number as the town was then called upon to furnish to fill the quota, not to such as then had enlisted and been applied on the quota, where the town knew at the time of passing the vote that the quota was partly filled.

ASSUMPSIT to recover a town bounty. Plea, the general issue. Trial by jury, Sept. term, 1869, WILSON, J., presiding.

---

\* This case was heard and decided at the January term, 1870.

Upon the facts proved, which are fully stated in the opinion of the court, the county court decided *pro forma* that the plaintiff was not entitled to recover either of the sums declared for in his declaration, and *pro forma* ordered a verdict for the defendant, to which decision and ruling the plaintiff excepted.

*Benton & Cross* and *W. D. Wilson*, for the plaintiff.

*Edson & Rand*, for the defendant.

The opinion of the court was delivered by
PIERPOINT, C. J.  The plaintiff to recover in this case must by his proof bring himself within the terms and conditions of one of the two votes of the defendant town, which he has declared upon.

The first vote was on the 11th of December, 1863, and was as follows: "voted to raise $325.00 on the grand list of said town, for each volunteer to fill the quota of said town, under the last call of the President, for 300,000 men."

The case shows that the number of men that the town was required to furnish to fill their quota under this call was 25.  The case also shows, that at the time of said vote the town was deficient, under former calls, in the number of 25 men; this last number was subsequently adjusted without the town being required to furnish the men; but however that may be, the vote above referred to clearly shows that the town in passing it had no reference to this deficiency; the vote in terms is limited to the number required by the then last call.  The town offered no bounty for volunteers to supply this deficiency.  This being so, the plaintiff can derive no benefit from its existence.  After the passage of the said vote, the officers of the town proceeded to procure the necessary volunteers, and by the 11th of January, 1864, a sufficient number of men had accepted of the offer, been mustered in, received the bounty, and the quota of the town was filled.  There was no longer an outstanding open offer of a bounty.

On the 25th of February, the plaintiff had re-enlisted in the field and on said day was mustered in to the credit of the town.  He enlisted with the expectation of receiving the bounty offered by said vote.  He had no communication with the officers of the

town, or with any one having authority in the matter from the town ; hence he can have no claim on the town by reason of said vote, unless he brings himself within its terms. This he clearly does not do, and cannot recover on that count in his declaration declaring upon the vote of the 11th of December.

The second vote declared upon was passed by the defendant town on the 8th day of August, 1864, and is as follows : " Moved and voted to raise $1000, for each white volunteer, to fill the quota of said town under the call of the President of the United States, on the 18th of July, 1864."

By general order No. 12, issued by the Adjt. Gen. on the 3d of August, 1864, it appears that the whole quota of the town under said call was 34 men ; that the town had a credit for 11 men, being an excess over previous calls, and said order calls upon the town to furnish 23 men to fill this quota. With this order before them the town passed the vote aforesaid. What construction is to be placed upon that vote ? Is it a vote to pay the bounty to all that had been or should be applied to fill their quota under the. call ? or is the offer to be limited to such a number as the town was then called upon to furnish, to supply the deficiency, and fill the quota ? In respect to this we think there can be no doubt. It is manifest that the town did not intend, by this vote, to offer a bounty to any, except the 23 men required of them. This was all that was necessary to fill their quota. The object was, to procure an additional number of men, not to pay men that already stood to their credit. If it had been the purpose of the town to pay the bounty to those who had enlisted to their credit under former calls, and then stood to their credit, they would have so expressed it. The language of the vote, when taken in connection with the attending circumstances, will bear no other rational construction than that making it applicable only to such men as were then to be procured to fill the quota. Such construction fully answers the meaning of the words used.

The plaintiff cannot claim that he has been misled by reason of any ambiguity in this vote, for he has never acted or professed to act under it ;. he has done nothing, nor omitted to do anything, in consequence of its existence.

The plaintiff did not enlist under the vote, or the call of the President that was the occasion of the vote. He had enlisted and passed to the credit of the town long previous, under prior calls.

It is true the enlistment operated to the benefit of the town, and relieved it from the necessity of procuring another man, and may thus have saved the town the amount of a bounty, but this gives him no claim, legally, upon the town unless the town has agreed to pay him. This would be a strong argument addressed to the inhabitants of the town, but cannot avail the party here. If it could, then if the town had had an excess sufficient to cover their entire quota, it must still have been liable to pay the men a bounty who filled the quota, without any vote, provided it would have had to pay a bounty if it had then been required to procure the men.

Judgment affirmed.